UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZAMORA, JR., | No. 2:14-cv-2871 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

Plaintiff, a former Sacramento County Jail inmate, is presently housed in Napa State Hospital, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order filed December 17, 2014, plaintiff was directed to file a request to proceed in forma pauperis or pay the required filing fee. On January 5, 2015, plaintiff filed a motion for appointment of counsel, stating that employees at the Napa State Hospital refused to provide plaintiff with a completed application to proceed in forma pauperis or certified trust account statement. However, on January 29, 2015, in Case No. 14-cv-2731 KJN P, a completed application to proceed in forma pauperis was filed, including a certified trust account statement. Thus, the court takes judicial notice[1] of plaintiff's filing in Case No. 14-cv-2731 KJN P, and finds

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285

1    that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
2    Accordingly, the request to proceed in forma pauperis is granted, and plaintiff's motion for
3    appointment of counsel to obtain his financial information is denied.
4        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.
5    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
6    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
7    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
8    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
9    payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
10   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
11   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
12   § 1915(b)(2).
13       The court is required to screen complaints brought by prisoners seeking relief against a
14   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
15   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
16   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
17   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
18       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
19   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
20   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
21   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
22   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
23   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
24   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
25   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

---

26   F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
27   within and without the federal judicial system, if those proceedings have a direct relation to
     matters at issue") (internal quotation omitted).  The Clerk of Court is directed to file a copy of
28   plaintiff's application to proceed in forma pauperis filed in Case No. 2:14-cv-2731 KJN in the
     instant action.

meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) ("A complaint is frivolous only if it contains inarguable legal conclusions or fanciful factual allegations.")

Generally, plaintiff's allegations are broad, fanciful, and implausible; for example, plaintiff contends that all of the prisoners housed in plaintiff's pod at the jail worked for the Sacramento County Sheriff's Department, and seeks relief such as "the right to enforce the Declaration of Independence to separate the Satanic Church from the Christian Church," and the

3

right to receive crystal methamphetamines, heroin, cocaine, cannabis, beer, wine, whiskey, tobacco, and magic mushrooms with mescaline as medication.

However, plaintiff alleges that in August of 2014, his cellmate attempted to stab plaintiff to death. Plaintiff claims that he informed jail deputies that he did not want a cellmate due to plaintiff's mental disability, but he was forced to take a cellmate who plaintiff claims was a "Satanic member with [a] 666 tattoo on his neck." (ECF No. 1 at 1.) Because plaintiff is a Christian, plaintiff states that he confronted his cellmate, ultimately resulting in violence against plaintiff. Plaintiff suffered internal bleeding and facial fractures.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

4

1  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
2  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
3  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
4  participation is insufficient).

5  As an initial matter, it is unclear whether plaintiff was a convicted prisoner or a pretrial
6  detainee at the time of the events in question.  However, while pretrial detainees' rights are
7  protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims
8  brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions
9  of confinement claims.  Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Clouthier v. County of
10 Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).

11 It is also unclear whether plaintiff claims that jail staff was aware that the cellmate posed a
12 substantial risk to plaintiff's safety.  In an abundance of caution, plaintiff is informed of the
13 standards governing such a claim under the Eighth Amendment.

14 The Eighth Amendment protects prisoners from inhumane methods of punishment and
15 from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
16 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide
17 prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v.
18 Brennan, 511 U.S. 825, 832-33 (1994).  Prison officials have a duty under the Eighth Amendment
19 to protect prisoners from violence at the hands of other prisoners because being violently
20 assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses
21 against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d
22 1177, 1181 (9th Cir. 2009).  However, prison officials are liable under the Eighth Amendment
23 only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious
24 harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted
25 or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at
26 834, 841; Clem, 566 F.3d at 1181.

27 The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
28 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. In order to exhaust

...

administrative remedies at the Sacramento County Jail, an inmate must proceed through the levels of review required by the County Jail.  <u>Wimberly v. County of Sacramento</u>, 2008 WL 5234729, *1 (E.D. Cal. Dec. 16, 2008).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to file in the instant action a copy of plaintiff's motion to proceed in forma pauperis, filed on January 29, 2015, in Case No. 2:14-cv-2731 KJN (ECF No. 11).

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff's motion for appointment of counsel (ECF No. 4) is denied.

4. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

5. Plaintiff's complaint is dismissed.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

////

////

7. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated: April 30, 2015

/zamo2871.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | ANTHONY ZAMORA, JR.,              No. 2:14-cv-2871 KJN P
12 |         Plaintiff,
13 |     v.                             NOTICE OF AMENDMENT
14 | SCOTT JONES, et al.,
15 |         Defendants.
16

17      Plaintiff hereby submits the following document in compliance with the court's order
18 filed_____.
19      _____        Amended Complaint
20 DATED:
21
                                        _____
22                                      Plaintiff